JUAN MANUEL TORRES OCASIO, Plaintiff and Appellee, *v.* PUERTO RICO HOUSING AUTHORITY, Defendant and Appellant.

No. R-63-240.    Decided April 4, 1966.

*Juan Enrique Géigel, Guillermo Silva, Jaime A. García Blanco, Hernán G. Pesquera, Vicente Santori Coll,* and *Miguel A. Giménez Muñoz* for appellant. *Ángel Manuel Ciordia* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

We are concerned herein with the review of a judgment rendered by the Superior Court, Bayamón Part, against the Puerto Rico Housing Authority ordering it to pay appellees the amount of $12,000 for damages suffered as a result of the death of a boy when he fell from the porch of a second-floor apartment in Caserío Catoni in Vega Baja.

According to the findings of fact of the trial court, the boy's parents, Juan Manuel Torres Ocasio and Ludovina Vázquez, lived with their children in a slum district in Vega Baja. The Housing Authority condemned their small house valued at $50.00 and offered to lease for them, subject to the Regulations for the Use of Dwellings in Public Housing Projects, an apartment in "Caserío Enrique Catoni" in Vega Baja, at a $4 montly rent. When Torres Ocasio learned that they were going to be moved into apartment No. 42 on the second floor he complained before the employee of the Authority in charge of performing said transfers, and the latter promised to do something about it. As it appears from the evidence, in the year 1953 the Torres family moved into said apartment.

In October 1955, the four-year-old daughter of spouses Torres Vázquez unexpectedly fell off the back porch of apart-

ment 42, but suffered no damages. As a result of this accident Torres took steps with the Manager of Caserío Catoni requesting to be moved into a ground-floor apartment or else to grant him a permit to install screens on the porches. The Manager denied the lessee's request because there were no vacant apartments on the ground floor and because the installation of screens on the porches would mar the appearance of the buildings and because it was against the regulations.

On December 7, 1955, another child of spouses Torres Vázquez fell off the front porch of the apartment receiving injuries which caused his death. This boy was two years and two months old and was about three feet tall. The porch "had a parapet without holes or balusters, 40 inches high making it impossible for the boy to enjoy the view without climbing on some object."

Based on the facts aforestated the trial court decided that the attitude adopted by the Housing Authority in relation to the Torres Vázquez family constituted negligence and that said negligence "was the only cause responsible for the death of minor Gilberto Enrique." However, from the conclusions of law made by said court it is inferred that defendant's negligence consisted in failing to provide the Torres Vázquez family with a safe dwelling. To that effect the court took judicial notice when drawing up its conclusions, in the sense "that a great number of upper-story dwellings in our capital city and particularly in the modern skyscraper cooperative apartments, the porches have railings or enclosures evidently for the purpose of protecting the children—and even the adults—from possible falls. Said judicial notice—the court said—we cannot take into consideration in relation to the housing projects."

From the conclusion of the trial court to the effect that the attitude assumed by the Authority in relation to the Torres Vázquez family was the sole cause of the minor's

death, we understand that it found defendant guilty of negligence (1) in failing to move said family to a ground floor apartment after the first occurrence of the girl falling off the back porch and (2) in failing to permit said family to install screens.

There is no ground to consider that the right of action in this case is based on defendant's breach of its contractual obligations as lessor.[1]

Although defendant did not assume the legal obligation of moving plaintiff and his family to a ground-floor apartment, its refusal to do so was due to the fact that there were no available ground-floor apartments in the housing project to be leased to said plaintiff. On the other hand, plaintiff leased the apartment in the second floor subject to the "Regulations for the Use of Dwellings in Public Housing Projects," which prohibit the installation of screens in the porches. This is not the case where liability may be imposed on defendant for having incurred in fraud, negligence or delay in the performance of its obligation or because it acted in contravention of the stipulations thereof. Section 1054 of the Civil Code (31 L.P.R.A. § 3018). Neither can this action be predicated on § 1042 of the same code since there is no basis to charge defendant with any illicit act of omission in which any kind of fault or negligence occurred. Not even under § 1802 of the Civil Code (31 L.P.R.A. § 5141) can liability be imposed.

We cannot agree with the trial court in that the attitude assumed by defendant as to plaintiff's requests to be moved to a ground-floor apartment constitutes negligence and even less that such attitude was the cause of the accident.

There was no witness to the boy's fall from the porch. The trial judge concluded that said boy could not enjoy the

---

[1] *Cf. Arroyo v. Caldas*, 68 P.R.R. 639 (1948); *Just v. Moreno*, 63 P.R.R. 647 (1944).

view from the porch without climbing on something. From the description of said porch offered by the witnesses as well as from the photographs thereof presented in evidence we are compelled to infer that the boy must have climbed on some piece of furniture or object to reach the balustrade or the top of the parapet and from there fell to the street. The object or piece of furniture left in the porch or a door leading to the porch left open was the cause of the unhappy accident in which the unfortunate child, plaintiff's son, lost his life. Defendant cannot be made liable for the occurrence of these two facts.[2]

Although this is a regrettable accident we find no legal basis to find defendant liable for its occurrence.[3]

For the reasons stated the judgment rendered by the Superior Court will be reversed and another rendered instead dismissing the complaint.

---

[2] A defendant is not liable for negligence provided there is no causation between the negligence and the damage suffered. *Orozco* v. *Commonwealth*, 80 P.R.R. 587 (1958); *López* v. *Rexach*, 58 P.R.R. 145 (1941); *Usera* v. *González*, 74 P.R.R. 454 (1953); *Rivera* v. *Dunscombe*, 73 P.R.R. 764 (1952).

[3] That does not mean, however, that the Authority is free from liability where the facts show that the proximate cause of an accident in which the tenants suffer damages, is lack of security of the buildings constructed for Public Housing Projects.